UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA      :

v.                            :   Crim. No. 20-CR-201(RBW)

MARK CRAWFORD                 :

**DEFENDANT'S BRIEF ON THE ISSUE OF WHETHER OFFICER TWO's UNAVAILABILITY TO TESTIFY BEFORE THE GRAND JURY JUSTIFIES THE GOVERNMENT'S FAILURE TO TIMELY
<u>INDICT THE DEFENDANT</u>**

Defendant Mark Crawford, through counsel, submits this brief on the issue of whether Officer Two's unavailability excuses the government's failure to timely indict the defendant. For the reasons discussed below, he submits it does not. Therefore the indictment must be dismissed.

<u>PROCEDURAL BACKGROUND</u>

Mr. Crawford was arrested on May 13, 2020. His initial appearance occurred on May 14, 2020. As a result of the COVID-19 Pandemic, the start time under the Speedy Trial Act for indictments to be returned was extended to July 15, 2020, rather than the date of the defendant's arrest as otherwise required by the Act. The government agrees that the indictment in this case was to be filed on or before August 14, 2020. Government's Motion to Toll Speedy Trial Clock, ECF #16 at p. 4.

The government filed three Motion(s) to Toll Speedy Trial Clock. The first was filed on September 24, 2020, but counsel for the government was advised to refile because AUSA Eliopoulos had not entered his appearance and the motion had an incorrect case number. Mr. Eliopoulos filed a corrected motion on September 26,

2020. ECF #13. Mr. Eliopoulos entered his appearance on September 28, two days after the second Motion to Toll was filed. ECF # 15. The Indictment was filed on September 24, 2020. ECF #14. A third Motion to Toll Speedy Trial Clock was filed on September 29, 2020. ECF #16. None of the motions to toll were filed before the deadline to indict (August 14, 2020) and none of the motions were granted.

The government concedes in its motions to toll, "Notwithstanding the parties' negotiations, the production and review of discovery, and the unavailability of essential witnesses, the government, due to oversight and miscommunications between prosecutors contributed by the exigent circumstances of the COVID-19 Pandemic, *did not file this motion or seek an indictment prior to the August 14, 2020 indictment deadline.*" ECF #16 at p. 4 (emphasis added).

At the hearing before this Court on October 16, counsel for Mr. Crawford moved to dismiss the indictment.[1] The government argued that Officer Two was not available to testify before the grand jury and at a trial because of his injuries and because of an ongoing MPD investigation of the officer. The government seemingly conflates the Speedy Trial Act's requirements relevant to indictment with those relevant to trial. As a result of arguments by the parties, this Court asked for briefing on the issue "whether the unavailability of the government witness referred to in the government's Motion to Toll Speedy Trial Clock, ECF 16, would support the exclusion of time from the period within which an indictment must be filed pursuant to the Speedy trial Act, 18 U.S.C. § 3161(b)." Order, ECF § 22.

---

[1] Mary E. Davis stood in for Christopher M. Davis who is in trial in Greenbelt, Maryland in *United States v. Dante Dingle*, Crim. No. DKC-19-0204.

**ARGUMENT**

The relevant portions of 18 U.S.C. § 3161 are as follows:

**(b)** Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.

\* \* \* \*

**(h)** The following periods of delay shall be excluded in computing the time within which information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:

\* \* \* \*

**(3)(A)** Any period of delay resulting from the absence or unavailability of the defendant or an essential witness.

**(B)** For purposes of subparagraph (A) of this paragraph, a defendant or an essential witness shall be considered absent when his whereabouts are unknown and, in addition, he is attempting to avoid apprehension or prosecution, or his whereabouts cannot be determined by due diligence. For purposes of such subparagraph, a defendant or an essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial.

18 U.S.C.A. § 3161.

I. *Officer Two Was Not an Essential Witness in the Grand Jury Proceedings*

In order to toll the time in which an indictment must be returned, the witness who is unavailable must be an "essential witness." The Speedy Trial Act does not define the term "essential witness." But, the Report of the Senate Judiciary Committee accompanying the bill for the Speedy Trial Act does state:

> By an "essential witness" the Committee means a witness so essential to the proceeding that continuation without the witness

3

>would either be impossible or would likely result in a miscarriage of justice. For example, a chemist who has identified narcotics in the defendant's possession would be an essential witness..."

S.Rep. No. 93- 1021, 93d Cong., Sess. 37 (1974).

Moreover, in the absence of a statutory definition, the D.C. Circuit has held that an "essential witness" is one "whose testimony would be extremely important to the proceeding, perhaps providing proof that was not otherwise attainable." In other words, "a witness so essential to the proceeding that continuation without the witness would either be impossible or would likely result in a miscarriage of justice." *United States v. McNeil*, 911 F.2d 768, 773 (D.C. Cir. 1990) (per curiam) (internal quotation marks omitted); *United States v. Reed,* 253 F.Supp.3d 52, 58 (D.D.C. 2017) (same).

Obviously Officer Two was not an essential witness to the grand jury proceeding since Mr. Crawford was indicted presumably without the testimony of Officer Two. Moreover, the government failed to adequately establish that Officer Two, or any other witness for that matter, was not available to testify in front of the grand jury in a timely manner. The Act itself speaks directly to when an essential witness is considered "absent," or, as pertinent here, "unavailable." An essential witness is "unavailable" when "his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial." 18 U.S.C. § 3161(h)(3)(B). As *Reed* addressed, other circuits have "require[d] a showing, by testimony or affidavit, that the Government made a reasonable effort to use the resources at its disposal to bring the witness to trial—i.e., providing

4

transportation, *see United States v. Patterson*, 277 F.3d 709, 711–12 (4th Cir. 2002); subpoenaing the witness to appear, *see United States v. Brown*, 819 F.3d 800, 819 (6th Cir. 2016); granting use immunity to secure testimony, *see Hamilton*, 46 F.3d at 279; posting bond or enforcing a writ of habeas corpus ad testificatum, *see McNeil,* 911 F.2d at 775 (Sentelle, J., concurring)." *United States v. Reed,* 253 F. Supp. At 58-59.[2]  Here, the government failed to produce any information, in any fashion, explaining why Officer Two or other essential witnesses were unavailable and what efforts the government made to bring the witness before the grand jury.[3]

Clearly, Officer Two was not an essential witness for the grand jury proceeding and even if he were, the government has not satisfactorily shown he was unavailable. It may well be that Officer Two is currently unavailable to testify at trial. But, in answer to the Court's query, that is of no import in this Court's consideration of Crawford's motion to dismiss the indictment. "The Speedy Trial Act ("Act") provides, 'Any ... indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested.' 18 U.S.C. § 3161(b). The Act contains two main time limits: the limit in § 3161(b) running from arrest or summons to indictment, and the seventy-day limit in § 3161(c) running from indictment to trial. The purpose of the former, the

---

[2] While the citation to the statute and case citations refer to "trial" witnesses, the defendant submits that the same should be required of the government as to grand jury witnesses.

[3] Noteworthy, testimony before a grand jury is different from testimony at trial since the rule against hearsay does not apply in grand jury proceedings. Fed.R.Evid. 1101(d)(2). So even if any essential witness was not available to come to the courthouse to testify, a written statement from the witness would have sufficed.

5

thirty-day limit at issue in this case, is to insure that individuals will not languish in jail or on bond without being formally indicted on particular charges." *United States v. DeJohn*, 368 F.3d 533, 538 (6th Cir. 2004). *See also*, S.Rep. No. 93-1021, 93d Cong., Sess. 37, ([A]n 'essential witness' ... means a witness so essential *to the proceeding...*") (emphasis added). In this case, nothing excuses the government's obligation to have timely indicted this case simply because a non-essential witness is presently unavailable for trial.

## II.     *This Court Cannot Grant a Nunc Pro Tunc Extension*

As the government concedes, it did not file its Motions(s) To Toll the Speedy Trial Clock prior to the August 14, 2020 deadline. ECF #16 at 4. It cites as reasons for its failure the parties' negtiations, the production and review of discovery, the unavailability of essential witnesses – including Officer Two, as well as oversight and miscommunications between the prosecutors. *Id*. But, this matters not at all. "The Speedy Trial Act does not provide for retroactive continuances." *United States v. Suarez-Perez*, 484 F.3d 537, 542 (8th Cir. 2007). *See also United States v. Brenna* (3d Cir. 1989) ("We reaffirm, however, that an ends of justice continuance pursuant to section 3161(h)(8)(A) cannot be entered *nunc pro tunc,* and hold that in its order, the district court must, at a minimum, state that it is entering an 'ends of justice' continuance or a continuance pursuant to section 3161(h)(8)(A). The order continuing the case must be entered *before* the days to be excluded.") (emphasis in orginal); *United States v. Janik*, 723 F.2d 537, 545 (7th Cir. 1983) ("But the continuance itself must be granted before the period sought to be excluded begins to

6

run. Since the Act does not provide for retroactive continuances, a judge could not grant an 'ends of justice' continuance *nunc pro tunc,* providing after the fact justification for unauthorized delays.") (internal citation and quotation marks omitted). Here, even if Officer Two was an essential witness, and even if he was truly unavailable despite there being no evidence to support a finding of unavailability, there is no authority for this Court to grant a retroactive extension to indict.

## CONCLUSION

The government has failed to show that Officer Two was an essential witness needed to indict Mr. Crawford, a fact the government *must* establish pursuant to § 3161(h)(3). The irrefutable proof of this conclusion is the fact that Crawford was indicted without the testimony of Officer Two. And the fact that Officer Two may have been, and continues to be unavailable for *trial*, is immaterial on the issue of whether his current unavailability should toll the speedy trial clock for purposes of *indictment*. Finally, the government failed to file a timely Motion to Toll Speedy Trial Clock and there is no statutory authority that permits this Court to grant the government's motion *nunc pro tunc.*

The Speedy Trial Act strictly establishes time limits for both pre-indictment and post-indictment phases of a criminal proceeding. Section 3161(b)—which applies to pre-indictment delay—states that an indictment "shall be filed within thirty days from the date on which [the defendant] was arrested or served with a

summons...." Since that deadline (as adjusted per the District Court's Standing Order) was not met, dismissal of the indictment is mandatory.

Respectfully Submitted,

/s/_____
Mary E. Davis #385583

/s/_____
Christopher M. Davis #385582

Davis & Davis
1350 Connecticut Ave., NW
Suite 202
Washington, DC 20036

(202) 234-7300

CERTIFICATE OF SERVICE

I hereby certify that all counsel of record will be served via the Court's CM/ECF on this 19th day of October 2020.

/s/_____
Mary E. Davis

8