UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **Criminal Case No. 20-cr-201 (RBW)** |
| v. : | |
| : | |
| **MARK CRAWFORD** : | |
| _____: | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S BRIEF
ADDRESSING WHETHER OFFICER TWO'S UNAVAILABILITY
SUPPORTS THE EXCLUSION OF TIME FROM THE PERIOD WITHIN WHICH
AN INDICTMENT MUST BE FILED PURSUANT TO THE SPEEDY TRIAL ACT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectively responds to the defendant's Speedy Trial brief (ECF Doc. 23) as follows:

1. During the October 16, 2020, hearing in this case, the Court Ordered the parties to file further submissions addressing whether the unavailability of the government's witness (Officer Two) would support the exclusion of time from the period within which an indictment must be filed pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(b). This was in response to the Government's Motion to Toll Speedy Trial Clock. *See* ECF Doc. 13 (filed under Magistrate Number before Criminal Case Number assigned) and ECF Doc. 16 (refiled under assigned Criminal Case Number). The Court's request for further submissions was also in response to defendant's oral motion at the October 16, 2020 hearing to dismiss the case based upon a Speedy Trial violation.

2. The defendant argues in his brief that Officer Two was not an essential witness and was not unavailable for the grand jury. The defendant does not contest that Officer Two has

1

been unavailable for a trial. The defendant also argues that even if Officer Two is an essential witness and has been unavailable, the Court cannot now toll the Speedy Trial clock *nunc pro tunc*. The defendant misses the relevant inquiry.

  3.  18 U.S.C. § 3161(h) provides in relevant part as follows:

> (h) The following periods of delay <u>shall be excluded</u> in computing the time within which * * * an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
>
>        * * * *
>
>  (3)(A) Any period of delay resulting from the absence or unavailability of the defendant or an essential witness.
>  (B) For purposes of subparagraph (A) of this paragraph, a defendant or an essential witness shall be considered absent when his whereabouts are unknown and, in addition, he is attempting to avoid apprehension or prosecution, or his whereabouts cannot be determined by due diligence. For purposes of such subparagraph, a defendant or an essential witness shall be considered unavailable whenever his whereabouts are known but his presence <u>for trial</u> cannot be obtained by due diligence or he resists appearing at or being returned for trial.

18 U.S.C. § 3161(h) (emphasis added).

As stated by the defendant, the statute does not define the term "essential witness." However, the Senate Judiciary Committee report accompanying the Speedy Trial Act defined an "essential witness" as "a witness so essential to the proceeding that continuation without the witness would either be impossible or would likely result in a miscarriage of justice. For example, a chemist who has identified narcotics in the defendant's possession would be an essential witness." 1974 S.Rep. No. 93–1021, 93d Cong., 2d Sess. 37 (1974). The legislative history of the Speedy Trial Act therefore suggests that the government need not demonstrate impossibility of conviction without the witness before that witness may be deemed "essential." A witness may also be treated as "essential" if, in the absence of that witness's testimony, a miscarriage of justice may likely occur. However, the statute does not require that the witness

2

be critical or indispensable for a conviction to be considered "essential." *See United States v. Tedesco*, 726 F.2d 1216, 1222 (7th Cir.1984) (a witness may be deemed "essential" for Speedy Trial Act purposes "even when the Government could convict without his testimony"). In *United States v. Eagle Hawk*, 815 F.2d 1213, 1218 (8th Cir.1987), *cert. denied*, 484 U.S. 1012 (1988), the Eighth Circuit held that "[w]here a witness is unquestionably important, and the government has a good faith belief that it will use that witness's testimony at trial, that witness may be deemed 'essential' for purposes of the Speedy Trial Act." *Id.*

The United States Court of Appeals for the District of Columbia Circuit relied upon *Eagle Hawk* in defining "essential witness" for purposes of the Speedy Trial Act. In *United States v. McNeil*, 911 F.2d 768, 773–75 (D.C.Cir.1990), the D.C. Circuit employed the definition in *Eagle Hawk* in suggesting that in order to be "essential," a witness's testimony must be either the "cornerstone of the Government's case" or "particularly important to any necessary element of that case. Accordingly, the District of Columbia Circuit has not required that a witness be critical or indispensable for a conviction to be considered "essential."

4.  In this case, there is no doubt that Officer Two is an essential witness for trial (and for indictment). The defendant was charged initially by complaint with Possession of a Firearm and Ammunition by a Person Previously Convicted of a Crime Punishable by Imprisonment Exceeding One Year, pursuant to 18 U.S.C. § 922(g)(1), and Assaulting, Resisting, Opposing, Impeding and Interfering with a Police Officer (APO) While Armed (with Significant Injury), pursuant to 22 D.C. Code §§ 405(c) and 4502. These charges stem from the observations by, interactions with, and injuries suffered by Officer Two. *See* Complaint and Statement of Facts, ECF Doc. 1. With respect to the violation of 18 U.S.C. § 922(g)(1), the

government must prove, for example, that the defendant illegally possessed a firearm and ammunition. Officer Two's testimony about defendant's suspicious behavior, his flight and struggle apparently to avoid the recovery of his firearm, and the firing of the firearm will go directly to this element of the offense. With respect to the violation of 22 D.C. Code §§ 405(c) and 4502, the government must prove that the defendant was armed with a firearm and assaulted Officer Two; that the defendant did so voluntarily, on purpose and not by mistake or accident; that Officer Two was at that time engaged in the performance of his official duties; that the defendant knew or had reason to believe that Officer Two was a police officer; and that the defendant caused significant bodily injury to Officer Two or committed a violent act that created a grave risk of causing significant bodily injury. See Red Book Instruction 4.114. Officer Two's testimony about his reasons for stopping the defendant, his interaction with the defendant, his ensuing struggle with the defendant, how the defendant assaulted Officer Two with the firearm and the injuries suffered by Officer Two are critical to proving the elements of these offenses. By any definition, Officer Two is an essential witness for both the indictment and for trial for the charges against the defendant. The fact that the government was able to obtain an indictment against the defendant without the testimony of Officer Two or might be able to attain a conviction without Officer Two is not the test.[1] *United States v. Marrero*, 705 F.2d 652, 356-58 (2nd Cir. 1983) ("district court did not abuse its discretion in finding that the accomplices were essential witnesses within the meaning of § 3161(h)(3), notwithstanding the fact that Marrero was eventually convicted without their assistance"). All that is necessary for tolling the

---

[1] Even if Officer Two is not "an essential witness" for indictment, the clear language of the Speedy Trial Act automatically tolls the period for indictment if Officer Two is an essential witness unavailable "for trial." 18 U.S.C. § 3161(h)(3)(B).

4

Speedy Trial clock is that Officer Two's testimony is either the "cornerstone of the Government's case" or "particularly important to any necessary element of that case." *United States v. McNeil*, 911 F.2d at 773–75. Officer Two's testimony satisfies both alternative requirements.

     5.     With respect to "unavailability," the statute provides, in relevant part, that a witness is "unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial. 18 U.S.C. § 3161(h)(3)(A). The Courts have utilized a fairly broad approach in determining "unavailability." The Sixth Circuit has held that a DEA agent, whom the parties agreed was an essential witness, was unavailable under § 3161(h)(3)(A) because he was on a prepaid honeymoon trip. *See United States v. Meyer*, 803 F.2d 246, 247-48 (6th Cir.1986); *United States v. Ailsworth*, 1996 WL 413594 (D. Kan. June 13, 1996) (same); *see also United States v. Bacon*, 2019 WL 3205945 (N.D. In. July 16, 2019) (officers are unavailable for trial due to their travel plans). In *United States v. Marrero*, 705 F.2d at 657-58 (2nd Cir. 1983), the Second Circuit held that defendant's accomplices who refused to testify were not only essential, they were unavailable for Speedy Trial purposes even though the defendant was ultimately convicted without their testimony.

    In this case, there is no dispute that Officer Two was shot while struggling with the defendant. The Complaint, supporting Statement of Facts and the Indictment establish that Officer Two suffered significant injuries. There is also no dispute that the defendant fired a second shot during the struggle. The gunshot wound caused substantial injuries, including a broken left femur and broken kneecap and would require surgery to remove the projectile from

5

behind his knee cap. In late July and early August, an Assistant U.S. Attorney assigned to indict this case contacted Officer Two in an attempt to have Officer Two testify before the grand jury. Officer Two advised the AUSA that he wanted to testify, but ultimately would not testify at that time in light of the internal MPD investigation that was initiated as a result of the shooting. Additionally, prior to the government's filing of the Motion to Toll Speedy Trial Clock, Officer Two told the undersigned Assistant U.S. Attorney that he was still suffering from his wounds, had not returned to duty and was not in a position to testify, an understandable position following his physical and obviously emotional injuries. Officer Two again expressed his unwillingness to testify because of the ongoing internal MPD investigation that was initiated after the shooting in this case. This internal investigation was confirmed by the undersigned when he talked to an investigator conducting the investigation. The investigator also advised the undersigned that he contacted defendant's prior counsel, Brandi Hardin, and informed her of the internal investigation. Under these circumstances, Officer Two has been "unavailable" under the Speedy Trial Act. *See United States v. Carillo*, 230 F.3d 1364 (8th Cir. 2000) (court upheld the grant of a continuance and tolling of Speedy Trial clock when an essential government witness was unavailable due to health problems). Moreover, the unavailability of Officer Two cannot be attributable to the government. To the contrary, it was the actions of the defendant in shooting and injuring Officer Two that resulted in Officer Two's unavailability.

      6.      The defendant also incorrectly argues that even if Officer Two was an essential witness who was unavailable, the Court cannot now toll the Speedy Trial clock *nunc pro tunc*. Defendant's argument is misguided. Section 3161(h)(3)(A) is a provision that tolls the Speedy Trial clock automatically. Unlike § 3161(h)(8)(A), § 3161(h)(3)(A) does not require an "ends

of justice" analysis and findings by the Court. *See United States v. Bourne*, 743 F.2d 1026, 1031 (4th Cir.1984) (§ 3161(h)(3)(A) "does not require that the trial judge make specific findings that the ends of justice require the continuance"); *United States v. Allen*, 235 F.3d 482, 491 (10th Cir.2000)(§ 3161(h)(3)(A) "provides ample independent statutory authority for excluding such periods of delay from the speedy trial calculation"); *see also United States v. McNeil,* 911 F.2d at 773 ("paragraph (h)(8) is not applicable to an "essential witness" delay").

Section 3161(h) specifies the types of delays that are excludable from the speedy trial calculation. The Supreme Court recognized that "[s]ome of these delays are excludable only if the district court makes certain findings enumerated in the statute. *See* § 3161(h)(7). Other delays are automatically excludable, i.e., they may be excluded without district court findings." *Bloate v. United States*, 559 U.S. 196, 204-05 (2010). In that case, the Court acknowledged that "subsection (h)(1) requires the *automatic* exclusion of '[a]ny period of delay resulting from other proceedings concerning the defendant, including but not limited to' periods of delay resulting from eight enumerated subcategories of proceedings." *Id*. The Court again confirmed that the "eight subparagraphs in subsection (h)(1) address the automatic excludability of delay generated for certain enumerated purposes." *Id*.

The same is true with respect to subsection (h)(3)(A) and other provision that are more commonly used, like for the pendency of motions provision. See 18 U.S.C. § 3161(h)(1)(D). Accordingly, subsection (h)(3)(A), provides for an automatic exclusion from the Speedy Trial calculation for any period of delay resulting from the unavailability of an essential witness. There is no need for any court findings, let alone a *nunc pro tunc* order.

7. WHEREFORE, the government requests that the Court issue an Order that

7


Officer Two has been an unavailable essential witness tolling the Speedy Trial clock from August 14, 2020, to September 24, 2020. During this period, Officer Two was recovering from the gunshot wound caused by the defendant, had not returned to duty and could not testify in the grand jury and any trial. Officer Two was also unavailable to testify because of the ongoing internal MPD investigation triggered by the shooting. Officer Two is an essential witness in this case. He was involved during the entire interaction with the defendant leading up to his arrest and was the victim of the shooting that is the crux of the most serious charge in this case, APO while armed with significant injuries. The government believes that Officer Two is critical in this case, and he is expected to testify at trial when available.

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney
for the District of Columbia
N.Y. State Bar No. 444188


By:   /s/ *George Eliopoulos*
GEORGE ELIOPOULOS
DC Bar No. 390601
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-6957 (telephone)
george.p.eliopoulos@usdoj.gov