UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA      :

v.                            :   Crim. No. 20-CR-201(RBW)

MARK CRAWFORD                 :

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S BRIEF ON THE ISSUE OF WHETHER OFFICER TWO's UNAVAILABILITY TO TESTIFY BEFORE THE GRAND JURY JUSTIFIES THE GOVERNMENT'S FAILURE TO TIMELY <u>INDICT THE DEFENDANT</u>**

Defendant Mark Crawford, through counsel, submits this reply to the government's response to his brief on the issue of whether Officer Two's unavailability excuses the government's failure to timely indict the defendant.

## I. *Officer Two's Availability for Trial Is Not Relevant at this Point*

To start, Crawford takes no position on whether Officer Two is unavailable for trial because Crawford does not know when Officer Two will be able to return to work, when the internal investigation will be complete, or on what date the trial will begin. The only issue of significance at this point in time is whether the indictment must be dismissed because it was not timely filed and, as discussed below, Officer Two's unavailability for trial makes no difference to the issue before the Court.

## II. *Officer Two Is Not an Essential Witness For Indictment*

The government, in its response, again conflates the Speedy Trial Act's requirements as to timely indictments with the requirements as to timely trials. The government writes in its response, "In this case, there is no doubt that Officer

Two is an essential witness for trial (and for indictment)." Doc # 24 at p. 3. Apparently, it is of no import to the government that Crawford has already been indicted. But beyond that, the government concedes that, "in order to be essential, a witness's testimony must be either the 'cornerstone of the Government's case' or 'particularly important to any necessary element of that case." *Id.* at 3. The government writes, "With respect to the violation of 18 U.S.C. § 922(g)(1), the government must prove, for example, that the defendant illegally possessed a firearm and ammunition. Officer Two's testimony about suspicious behavior, his flight and struggle apparently to avoid the recovery of his firearm, and the firing of the firearm *will go directly to this element of the offense.*" *Id.* at 3-4 (emphasis added). However, suspicious behavior, flight, struggle, and firing a weapon are not elements of the offense. 18 U.S.C. § 922(g)(1) provides in relevant part: "It shall be unlawful for any person ... who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ... possess in or affecting interstate commerce, any firearm or ammunition."   The government must only prove that Crawford possessed a firearm, knowing that he has a prior conviction for an offense punishable by incarceration for more than one year, and that the firearm was not manufactured in the District of Columbia. The proffered testimony by Officer Two is not important to proving any necessary element of the offense and was not necessary to indict.

     The government further argues, "With respect to the violation of 22 D.C. Code §§ 405(c) and 4502, the government must prove that the defendant was armed

with a firearm and assaulted Officer Two; that he did so voluntarily, on purpose and not by accident or mistake; that Officer Two was at the time engaged in the performance of his official duties; that the defendant knew or had reason to believe that Officer Two was a police officer; and that the defendant caused significant bodily injury to Officer Two or committed a violent act that created a grave risk of causing significant bodily injury. See Red Book Instruction 4.114" *Id*. at 4 Officer Two's testimony about his reasons for stopping the defendant, his interaction with the defendant, his ensuing struggle ... *are critical* to *proving the elements of these offenses*." *Id*. at 4 (emphasis added). But again, the proffered testimony does not go to proving the elements of the offenses and the testimony was not needed to indict. Indeed, Officer One can establish each of the elements and likely did so in his testimony before the grand jury.

    The government is simply wrong when it argues Officer Two was an essential witness for return of the indictment as is its position that the fact an indictment was obtained does not matter. *Id*. at 4. Pursuant to *United States v. McNeil*, 911 F.2d 768, 773 (D.C. Cir. 1990) (per curiam), an essential witness is "a witness so essential to the proceeding that continuation without the witness would either be impossible or would likely result in a miscarriage of justice." The fact that an indictment was obtained negates the finding that Officer Two was an essential witness. The term "essential witness" refers to "witnesses whose testimony would be extremely important to the proceeding, perhaps providing proof that was not otherwise attainable, [an] unquestionably important witness whose anticipated

3

testimony [would not] be merely cumulative, or substantially irrelevant." *United States v. McNeil*, 911 F.2d at 773 (internal citations and quotation marks omitted). Certainly, Officer Two was not an essential witness in obtaining the indictment. Everything he could have offered before the grand jury was presented through another witness (or witnesses) rendering his grand jury testimony either cumulative or unnecessary; his testimony, as proffered by the government, was not necessary to indict.

### III. The Act Does Not Toll Time for Indictment When Non-Essential Witness for Indictment Is Not Available for Trial

Curiously, the government writes, "Even if Officer Two is not 'an essential witness' for indictment, the clear language of the Speedy Trial Act automatically tolls the period for indictment if Officer Two is an essential witness unavailable 'for trial' 18 U.S.C. § 3161(h)(3)(B)." Doc # 24 at p. 4 n. 1. Not surprisingly, the government cites no case law in support of this position.

Our Circuit has determined that the language in subsection (h)(3)(B), which is referenced by the government in note 1, applies only in the context of a trial. In *United States v. Sanders*, 485 F.3d 654, 659–60 (D.C. Cir. 2007), the defendant was not present at a March 22, 2002 status hearing because he was in custody in the State of Maryland. A writ of habeas corpus ad testificandum was issued on April 2, 2002, to return the defendant to the District of Columbia, and he was present at the next status hearing on April 18, which apparently was delayed by a week in order to ensure his presence. The government relied on subsection (h)(3)(B) which provides, "For purposes of such subparagraph, a defendant or an essential witness shall be

4

considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial." The government maintained that the twenty-seven-day period from March 22 until April 18 was excludable. But the Appeals Court held, "Because Sanders missed only a status hearing, and because the district court made no findings that he was unavailable 'for trial,' the twenty-seven-day period is not excludable from the seventy-day maximum.

The same reasoning applies in this case. At this point in time, this Court cannot determine that Officer Two is not available for trial since, as noted above, there is no indication when his injuries will allow him to return to work, when the internal investigation will conclude, or when the case will be set for trial. Since the plain language of the statute clearly contemplates a situation impacting a defendant's or essential witness's presence for trial, this Court cannot find that that portion of (h)(3)(B) applies to when an indictment must be filed.

### IV. The Government Cites No Cases To Support Its Argument that Witness Unavailability for Trial Excludes Time from the Period Within Which an Indictment Must be Filed

The government has failed to answer the Court's query, i.e., "whether the unavailability of the government's witness referred to in the government's Motion to Toll Speedy Trial Clock, ECF 16, would support the exclusion of time from the period within which an indictment must be filed pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(b)." Order, Doc # 22. It first argued that Officer Two was an essential witness. But, as addressed above, he was not because his testimony would

5

have been cumulative or unnecessary. The government then argued if a witness is unavailable for trial, the time to indict is tolled. Again, the government cites no case law in support of this argument. Finally, citing subsection **(h)(3)(A)** which excludes "[a]ny period of delay resulting from the absence of unavailability of the defendant or essential witness," the government argues, using the language of subsection **(h)(3)(B)**, that Officer Two fits the definition of unavailable: "whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial. 18 U.S.C. § 3161(h)(3)(A)." Doc # 24 at 5. But this argument, as with the others, fails.

As addressed above, subsection (h)(3)(B) applies only in the context of trial; it does not apply when the witness or defendant is not available for other proceedings such as an appearance before a grand jury or at a status hearing.

In addition, the government fails to appreciate that § 3161(h) is written in the disjunctive:

> **"(h)** The following periods of delay shall be excluded in computing the time within which information or an indictment must be filed, **or** in computing the time within which the trial of any such offense must commence:"

The plain reading of the statute indicates that the time in which an indictment must be filed and the time within which trial must commence are separate and distinct computations – excluding time for one does not automatically exclude the time for the other. "To read the next clause, following the word 'or,' as somehow repeating that requirement, even while using different words, is to disregard what 'or' customarily means. As we have recognized, that term's ordinary use is almost

6

always disjunctive, that is, the words it connects are to be given separate meanings." *United States v. Woods,* 571 U.S. ——, ——, 134 S.Ct. 557, 567, 187 L.Ed.2d 472 (2013); "Canons of construction ordinarily suggest that terms connected by a disjunctive be given separate meanings and a statute written in the disjunctive is generally construed as setting out separate and distinct alternatives." *In re Espy,* 80 F.3d 501, 505 (D.C. Cir. 1996) (internal citation and quotation marks omitted).

The government cites several cases concerning witness "unavailability." Doc # 24 at 5-6. But, every one of those cases deals with the unavailability of a witness for trial. The cases do not hold that periods of delay in computing the time to try a case also exclude a period of time to indict the case. Nor could a court so hold – by time a case is set for trial, the case is already indicted. It would be nonsensical to say future events apply to events that have already occurred. The government does not cite, nor has the defendant been able to find, a single case holding that because a witness is unavailable for trial, the Court can exclude time in which to indict.

V.   *Automatic Exclusions and "Ends Of Justice" Considerations*[1]

The government argues that witness unavailability for trial automatically excludes delays in returning an indictment. Doc # 24 p. 7. While the statute provides that the "following periods of delay shall be excluded," that does not mean any of the eight listed exclusions in § 3161(h) results in automatic tolling - the Court still must find that the exclusion applies in a particular case. Officer Two was

---

[1] The government seems to be arguing for 'ends of justice" tolling when it writes, "Moreover, the unavailability of Officer Two cannot be attributable to the government. To the contrary, it was the actions of the defendant in shooting and injuring Officer Two that resulted in Officer Two's unavailability." Doc # 24 p. 6.

7

not an essential witness in the grand jury proceeding and Officer Two's (assumed) unavailability for trial has no impact on the time to indict. This brings us full circle back to an "ends of justice" determination – which cannot be granted retroactively.

## CONCLUSION

For the reasons cited in Defendant's brief and this reply, the indictment must be dismissed.

Respectfully Submitted,

/s/_____
Mary E. Davis #385583

/s/_____
Christopher M. Davis #385582

Davis & Davis
1350 Connecticut Ave., NW
Suite 202
Washington, DC 20036

(202) 234-7300

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record will be served via the Court's CM/ECF on this 24th day of October 2020.

/s/_____
Mary E. Davis