UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                               )<br>)    Crim. No. 20-cr-201(RBW)<br>MARK CRAWFORD,                       )<br>)<br>Defendant.               )<br>) | |

## MOTION TO SUPPRESS TANGIBLE EVIDENCE

Mark Crawford, through undersigned counsel, respectfully moves this Honorable Court, pursuant to Federal Rule of Criminal Procedure 12, the Fourth Amendment to the Constitution of the United States, and the arguments made below to suppress all tangible evidence obtained as a result of his illegal seizure. Mr. Crawford respectfully requests an evidentiary hearing on this motion. In support of this motion, Defendant submits as follows.

## FACTUAL BACKGROUND

In the early afternoon of May 12, 2020, a 911 call was made by an individual in the rental office of the Meadow Green Courts, located at 3539 A Street, SE. The caller stated that a "barred male" was seen by staff walking in front of two buildings, located at 111 35th Street, SE and 127 35th Street, SE.[1] Both buildings are

---

[1] The Barring Notice gave as the reason for barring, "Nuisance on the property also vandalizing laundry room machine. *See* attached. The Barring Notice also requires a witness's signature if the barred individual refuses to sign the notice. There is no witness signature. *Id.*

part of the Meadow Green Courts apartment complex. The caller stated the man was dangerous. When asked if the individual had any weapons, the caller responded she did not know. The caller stated that the individual's name was Mark Collins, spelling the name as "C-O-L-I-N-S." She described the person as being 5'7", having dreads with gold tips, dark skinned, in his early 20's, and wearing all black clothing.[2]

Officers Morton and Jones were dispatched to the 100 block of 35th Street, SE, as a result of the 911 call. An individual matching the description given by the caller was seen in the tree box area in front of 3424 A Street, SE. Officer Morton repeatedly asked the individual (later identified as Crawford) whether he was Mark Collins. Crawford denied his last name was Collins. The officers attempted to pat him down and in response Crawford fled. The officers tackled the defendant and during a prolonged effort to handcuff him, broke his left elbow and dislocated his shoulder. After having his arm broken, Crawford again attempted to run. During the commotion, an officer was shot in the leg, Crawford was apprehended, and a firearm was found under a parked car. Mr. Crawford has been charged with being a felon in possession of a firearm and moves this Court to suppress the firearm as well as all other tangible evidence resulting from this illegal seizure (including any statements he may have made).

## ARGUMENT

The Supreme Court has held that, "searches conducted outside the judicial

---

[2] The 911 call will be an evidentiary exhibit at the hearing on this motion.

process, without prior approval by a judge or magistrate, are *per se* unreasonable under the Fourth Amendment – subject only to a few specifically established and well delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967) (footnotes omitted). Where the government seeks to introduce evidence seized without a warrant, it carries the burden of showing that the evidence falls within one of the "few specifically established and well delineated exceptions" to the warrant requirement of the Fourth Amendment. *Coolidge v. New Hampshire*, 403 U.S. 443, 455 (1971); *Katz*, 389 U.S. at 357.

The government must show that reasonable suspicion for a stop and seizure was justified at its inception. *Terry v. Ohio*, 392 U.S. 1 (1968). Absent a showing of consent, a police officer must have a reasonable, articulable suspicion that criminal activity is afoot before he can seize a person. *Id.* The suspicion must go beyond an "inchoate and unparticularized suspicion, or 'hunch'" *id.* at 27 and requires that the officer has a "particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v. Cortez*, 449 U.S. 411, 417-18 (1981) (citations omitted). Where police lack an arrest warrant and cannot articulate facts constituting probable cause or reasonable suspicion that a person had committed any crime, the fruit of his seizure must be suppressed. *See Wong Sun v. United States*, 371 U.S. 471, 484-86 (1963).

In this case, the officers had a legitimate reason to stop Crawford to determine if he was in violation of a barring notice.  Here, during the initial questioning, Crawford was told he could not leave and he followed that order. Thus,

the initial seizure was proper. However, the officers exceeded the scope of a proper *Terry* stop when they attempted to conduct a pat down. "The police may conduct a 'protective search for weapons' if they 'possess[ ] an articulable suspicion that an individual is armed and dangerous.'" *United States v. Dykes,* 406 F.3d 717, 719 (D.C. Cir. 2005), quoting *Michigan v. Long*, 463 U.S. 1032, 1034 (1983). The officers attempted to search Crawford following a report of a barred individual. There is nothing in the Barring Notice to indicate Crawford was anything more than a nuisance. There was no "articulable suspicion" that he was armed. Thus, at the start of the pat down, the acceptable bounds of the *Terry* stop were exceeded.

It is well-settled that "the right to make ... [an] investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof." *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). "In deciding what degree of force is permissible, courts must look to 'the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Graham*, 490 U.S. at 396, 109 S.Ct. 1865). Consistent with the language of the Fourth Amendment, the test is, ultimately, "one of reasonableness." <u>Id.</u>; *accord* U.S. Const. amend. IV (proscribing "unreasonable searches and seizures"); *Florida v. Royer*, 460 U.S. at 514–15, 103 S.Ct. 1319 (plurality opinion) (balancing "the amount of intrusion upon individual privacy against the special law enforcement interests" of permitting an investigative detention "on less than probable cause"). A

6

*Terry* stop must (1) "last no longer than is necessary to effectuate the purpose of a stop" and (2) employ "the least intrusive means reasonably available to verify or dispel the officer's suspicion." *Florida v. Royer*, 460 U.S. at 500, 103 S.Ct. 1319 (plurality opinion). "[A] stop that is unduly prolonged or intrusive transforms from an investigative stop into an arrest requiring probable cause." *Hall v. District of Columbia*, 867 F.3d 138, 153 (D.C. Cir. 2017).   Here, the officers tackled Crawford, twisted his arm with such force so as to break his elbow and dislocate his shoulder. These actions were in response to a possible violation of a barring notice, which is a misdemeanor carrying a maximum penalty of six months.[3]  That offense did not warrant the level of intrusion and excessive force to which Crawford was subjected. Because the officers exceeded the permissible bounds of a valid stop, the firearm must be suppressed. Moreover, any evidence, including any statements made by the Defendant, recovered as a result of this illegal transgression likewise must be suppressed.  *See Wong Sun v. United States*, 371 U.S. 471, 484-86 (1963).

                                              Respectfully submitted,

                                              _____/s/_____
                                              Christopher M. Davis #385582

---

[3] "Any person who, without lawful authority, shall enter, or attempt to enter, any private dwelling, building, or other property, or part of such dwelling, building, or other property, against the will of the lawful occupant or of the person lawfully in charge thereof, or being therein or thereon, without lawful authority to remain therein or thereon shall refuse to quit the same on the demand of the lawful occupant, or of the person lawfully in charge thereof, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be punished by a fine of not more than the amount set forth in § 22-3571.01. imprisonment for not more than 180 days, or both." 22 D.C. Code § 3302(a)(1).

Davis & Davis
1350 Connecticut Avenue, NW
Suite 202
Washington, DC 20036
202-234-7300

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of this Motion to Suppress was served upon all interested parties via the CM/ECF system, on this 14th day of November 2020.

                              _____/s/_____
                              Christopher M. Davis