UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. 20 cr 201 RBW |
| | : |
| | : Sentencing: 3/4/21 |
| v. | : |
| | : |
| MARK CRAWFORD | : |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

The defendant, by and through his attorney, Christopher M. Davis respectfully submits this memorandum in aid of sentencing.

**PLEA AGREEMENT**

1. The defendant's plea agreement was entered pursuant to Federal Rule of Criminal Procedure 11 (c)(1)(C). The agreed-upon sentence under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

a) On Count 1—Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year - 84 months' imprisonment; 3 years of supervised release;

b) On Count 2—D.C. Code Assault with a Dangerous Weapon - 84 months' imprisonment (concurrent to Count 1); 3 years of supervised release (concurrent to the supervised release in Count 1).

The agreed upon sentence is to a term of imprisonment of 84 months. The government, in Dkt. 46, has argued that Mr. Crawford's sentence run consecutive to any Maryland sentence imposed as a result of a probation revocation detainer lodged

against him. Counsel, in consultation with the Public Defender Office in Prince Georges County, has been advised that once Mr. Crawford's probation is revoked, he will be sentenced to a seven-year sentence. Counsel was further advised that Mr. Crawford will not be returned to Maryland until after he completes his federal sentence and that he should expect this sentence to be consecutive to his federal sentence.

## GUIDELINES

2. The defendant's position is that the guideline calculation arrived at in the PSR is correct. The PSR adds a two-point enhancement pursuant to 2K2.1(b)(4)(A) since the firearm at issue was stolen. As explained below, if the court applies this enhancement, the 84-month sentence contemplated by the Rule 11 (c)(1) (C) plea is still within Mr. Crawford's guideline range.

3. Mr. Crawford notes that the PSR guideline range is 84 to 105 months. See, PSR at ¶ 92. The stipulated guideline calculation in the plea agreement is to an initial base offense level of 20,[1] with a criminal history category of IV, resulting in a guideline range of 70 – 87 months.[2] **See**, Dkt. 43 at p. 6, ¶ C.

## SENTENCE

4. Pursuant to 18 U.S.C. § 3553(a), the court shall impose a sentence that is sufficient, but not greater than necessary to comply with the purposes of the statute which include the need for the sentence: (A) to reflect the seriousness of the

---

[1] It is Mr. Crawford's position that his Maryland conspiracy convictions do not qualify as predicate crimes of violence and, therefore, he starts out with a base offense level of 20 per 2K2.1 (a)(4)(A). See, Dkt. 43 p. 4 at n.1. Maryland Conspiracy, found at MCC §1-203, does not require an overt act be committed and is broader than the generic definition of conspiracy. As a result, the offense does not qualify as a crime of violence. *See*, *U.S. v. McCollum*, 885 F.3d 300 (4th Circuit 2018) and *Carroll v. Maryland*, 53 A. 3d 1159 (Maryland 2012). The PSR writer agrees with Mr. Crawford on this point.

[2] The total offense level stipulated to in the plea agreement is 23, after the various enhancements and adjustments.

offense(s), to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training. In addition, the statute requires the court to consider a number of factors in determining the appropriate sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the purposes of the statute; (3) the kinds of sentences available (4) the sentencing guidelines; (5) policy statements; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to any victims

     5. Mr. Crawford submits that the agreed-upon sentence of 84 months of incarceration on the charge of Unlawful Possession of a Firearm, followed by three years of supervised release, and a sentence of 84 months on the charge of Assault with a Dangerous Weapon, concurrent to the first charge, followed by three years of supervised release is an appropriate sentence, particularly in light of the his penal consequences in Maryland as a result of his guilty plea.

     6. Mr. Crawford agrees with the facts for the two offenses as outlined in his plea agreement.  However, with respect to his Felon in Possession of a Firearm charge he believes additional facts should be included to give context to what occurred here.  The defendant was face down on the ground.  He resisted having his hands cuffed behind his back.  This angered the officer attempting to cuff him.  Crawford's elbow was fractured, and his shoulder was dislocated as one of his arms was forcibly pulled behind his back.  He was in a great deal of pain when he was shortly thereafter lifted off the ground by a number of officers.  He was lifted off the ground to get his other hand

cuffed. The gun, which he was in possession of, went off while he was being lifted up from the ground. This does not excuse his conduct, but it does add context to what occurred here and was one of the factors considered in arriving at the at the agreed upon sentence.[3]

7. Mark Crawford was 30 years old at the time of these offenses. His criminal history is dated. A quick succession of offenses occurred when he was in his late teens. Although not an excuse, Crawford presents as a man with a chaotic childhood. Growing up in poverty, fatherless and ultimately placed in a foster home, he began life, metaphorically speaking, on crutches. He also has issues that add much insight into his behavior. *See*, PSR at ¶ 71. He has taken the initiative to address this issue on his own at D.C. Jail. *See*, PSR at ¶ 72.

8. Despite the obstacles he faced as a child without structure, he maintained an A and B average while in school. He particularly enjoyed boxing as a teen. He has a work history but is nonetheless capable of benefiting from either further education and/or job skill training. As a convicted felon in his 40's, he will need a skill if he is to be employed. This is critical for Mr. Crawford to be successful. He also needs to continue treatment. This should be made a specific condition of his supervised release.

## CONCLUSION

For the reasons cited herein, Mr. Crawford respectfully requests that this Honorable Court accept his plea tendered pursuant to Federal Rule of Criminal Procedure 11 (c)(1)(C). This would be a sentence that is sufficient, but not greater than necessary, to comply with the statutory directives set out in 18 USC § 3553(a)

---

[3] The fact that Mr. Crawford will, in all likelihood, serve 14 years after having his probation revoked was also a fact of significance. And finally, he accepted responsibility for two cases, conserving substantial judicial resources. The latter is of no small significance during an unprecedented pandemic.

Respectfully submitted,

_____/s/_____
Christopher M. Davis #385582

Davis & Davis
1350 Connecticut Ave., NW
Suite 202
Washington, DC 20036
(202) 234-7300

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that Defendant's Memorandum in Aid of Sentencing was served via the courts CM/ECF system on this 26th day of February 2021.

_____/s/_____
Christopher M. Davis